[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DEFENDANTS' REQUEST TO REVISE THIRD PARTY AMENDED COMPLAINT FIRST COUNT
1. First Count, Paragraph 2
The Defendant, Mark Fuller ("Fuller") at all times mentioned herein, was an agent, servant and/or employee of The Golf Club CT Page 9872 and was it's (sic) General Manager.
FIRST REQUESTED REVISION
Delete "agent."
REASON
This language constitutes an improper pleading of a legal conclusion.
OBJECTION — Defendant Mark Fuller's actions toward Plaintiff as set forth in the Third Party Complaint were carried out by Defendant Fuller in his capacity as General Manager of Defendant Golf Club, acting on behalf of Defendant Golf Club, and therefore Defendant Fuller is properly described as an agent of Defendant Golf Club.
2. First Count, Paragraph 6(a)
In June of 1993, under the direction of the Golf Club's then Golf Course Superintendent, Michael Miner, and Defendant Fuller, calibrations of a Toro 1000 Greenmaster grass cutting machine were improperly performed by Gary DeVeaux, an employee of the Defendant, and Plaintiff, as Maintenance Supervisor was unfairly blamed for the improper calibrations resulting in an uneven condition of the putting surfaces on Defendant's golf course.
FIRST REQUESTED REVISION
Specify what facts establish that Plaintiff was "unfairly" blamed, and by whom.
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). It fails to set out the facts that establish that Plaintiff was "unfairly" blamed, and by whom, without which Defendants cannot plead to this allegation.
OBJECTION
3. First Count, Paragraph 6(b)
In June of 1993, the hydraulic lines on the fairway mowing CT Page 9873 machine and other grass cutting equipment were intentionally inverted and severed causing hot engine oil to spill and damage the fairways of the Defendant's Club and, when Plaintiff brought the Defendant's then Golf Course Superintendent, Michael Miner and Defendant Fuller to the site of the damage, despite Plaintiff's entreaties, no investigation to determine the origin of the damage was conducted.
FIRST REQUESTED REVISION
Specify what facts establish that the hydraulic lines were "intentionally" inverted and severed.
REASON
This paragraph is unduly vague. It fails to set out the facts that establish "intentional" inversion and severance, without which Defendants cannot plead to this allegation.
OBJECTION Intentional actions against Plaintiff are evidentiary in nature and are the proper subject of Defendants' discovery.
4. First Count Paragraph 11
Defendant Mark Fuller refused to investigate the theft thereby undermining Plaintiff's efforts to maintain a secure and stable working environment.
FIRST REQUESTED REVISION
Specify what is meant by a "secure and stable working environment" and set forth facts establishing how Defendant Fuller "undermined" Plaintiff's efforts.
REASON
This paragraph is unduly vague. Plaintiff fails to specify what is meant by a "secure and stable working environment" or set forth facts establishing how Fuller "undermined" it without which Defendants cannot plead to this allegation.
OBJECTION
5. First Count, Paragraph 19 CT Page 9874
The termination of Plaintiff's employment by Defendant, the Golf Club and defendant Mark Fuller was without cause, arbitrary and violated Plaintiff's contract for the 1995 year.
FIRST REQUESTED REVISION
Deleting this paragraph.
REASON
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant, Connecticut Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
6. First Count, Paragraph 20
As a result of the termination of Plaintiff's employment, Plaintiff has been unable to find suitable employment in his field and has sustained substantial economic loss.
FIRST REQUESTED REVISION
That the Plaintiff specify his alleged inability to find employment in his field by the words, actions and deeds which demonstrate this alleged inability, specify with more particularity "suitable employment", and specify the facts which demonstrate his alleged "substantial economic loss."
REASON
The instant allegation is unduly vague. See Conn. P.B. Sec. 10-35(1). Paragraph 20 alleges, in a conclusory manner, that Plaintiff is unable to find suitable employment and has sustained substantial economic loss. Defendants cannot plead to this allegation unless Plaintiff specifies the words, actions and deeds which demonstrate his alleged "inability", specifies with more particularity "suitable employment" in his field, and the facts which demonstrate his alleged "substantial economic loss." CT Page 9875
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Connecticut Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
 SECOND COUNT
7. Second Count, Paragraph 12
It was apparent to the Plaintiff that employees of Defendant's Club, were intentionally interfering with Plaintiff in the performance of his duties with the knowledge of Defendant Mark Fuller, and, in June of 1993, Plaintiff submitted his resignation.
FIRST REQUESTED REVISION
That Plaintiff specify who among Defendant's agents, servants and/or employees allegedly intentionally interfered with Plaintiff in the performance of his duties.
REASON
The instant allegation is unduly vague. See P.B. Sec. 10-35(1). Paragraph 12 does not specify who among Defendant's agents, servants and/or employees allegedly intentionally interfered with Plaintiff's performance of duties and Defendants cannot plead to this allegation unless Plaintiff does so.
OBJECTION
 Allegations of Defendant Golf Club's agents, servants and/or employees' intentional interference are set forth throughout Plaintiff's Third Party Complaint and to repeat them would be redundant. Intentional interferences against Plaintiff are evidentiary in nature and are the proper subject of Defendants' discovery.
8. Second Count, Paragraph 15
Thereafter on several occasions when Plaintiff brought to Defendant, Mark Fuller's attention, information regarding work CT Page 9876 habits, alcohol and drug use of other employees of Defendant, including Defendant Golf Club's employees, Jack Eck and Gus Balling, Defendant Mark Fuller avoided any attempt to find solutions to the problem and asked Plaintiff to tolerate it.
FIRST REQUESTED REVISION
That Plaintiff specify the facts which establish that Fuller allegedly avoided any attempt to find solutions to the problem, and specify the words, actions and conduct which was used.
REASON
The instant allegation is unduly vague. See P.B. Sec. 10-35(1). Paragraph 15 does not specify how Fuller allegedly avoided any attempt to find solutions to the problem allegedly presented by Plaintiff or specify the words, actions, and conduct which was used, and Defendants cannot plead to this allegation unless Plaintiff does so.
OBJECTION
9. Second Count, Paragraph 17
In fact, Defendant Mark Fuller's inducements to report problems to him were fraudulent as Defendant Fuller never intended to take action against these employees.
FIRST REQUESTED REVISION
Deleting this paragraph.
REASON
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION
 Plaintiff's allegations of Defendant Mark Fuller's inducements and fraudulent intentions are evidentiary in nature and are the proper subject for Defendants' discovery.
10. Second Count, Paragraph 20
Defendant Mark Fuller's conduct towards Plaintiff was in CT Page 9877 violation of the expressed and implied covenant of good faith and fair dealing owed to Plaintiff as an employee of the Defendant Golf.
FIRST REQUESTED REVISION
Delete this paragraph.
REASON
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Connecticut Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
11. Second Count, Paragraph 21
Defendant Mark Fuller's action toward Plaintiff was malicious and intentional and created a hostile working environment for Plaintiff.
FIRST REQUESTED REVISION
Delete this paragraph.
REASON
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION
 On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Connecticut Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
12. Second Count, Paragraph 22
CT Page 9878
Defendant Mark Fuller knew or should have known that his actions were substantially certain to result in illness and economic loss to Plaintiff.
FIRST REQUESTED REVISION
That Plaintiff specify the actions of Defendant toward Plaintiff which are alleged to be substantially certain to result illness or economic loss.
REASON
The instant allegation is unduly vague. See P.B. Sec. 10-35(1). Paragraph 22 does not specify the actions of Defendants toward Plaintiff which are alleged to have been substantially certain to result in illness or economic loss, and Defendants cannot plead to this allegation until Plaintiff does so.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant, Mark Fuller.
13. Second Count, Paragraph 23
As a result of the conduct and action of Defendant the Golf Club, it's (sic) agents, servants and/or employees and Defendant Mark Fuller, Plaintiff sustained a chronic and permanent gastric intestinal disorder with internal bleeding and severe pain.
FIRST REQUESTED REVISION
That Plaintiff specify the conduct of the Defendant, its agents, servants and/or employees, and Defendant Mark Fuller which allegedly resulted in Plaintiff's sustaining a chronic and permanent gastric intestinal disorder with internal bleeding and severe pain, and identify the agents, servants and/or employees of Defendant allegedly responsible.
REASON
The instant paragraph is unduly vague. See P.B. Sec. 10-35(1). Paragraph 23 does not specify the conduct alleged to have resulted CT Page 9879 in the injuries complained of, nor does it identify the agents, servants, and/or employees of Defendant allegedly responsible, and Defendants cannot plead to this allegation unless the Plaintiff does.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
14. Second Count, Paragraph 24
As a further result, Plaintiff was hospitalized on an emergency basis and was required, and in the future, will be required to expend a sum of money for medical care, X-rays and medication.
FIRST REQUESTED REVISION
That Plaintiff specify when and why Plaintiff was allegedly hospitalized on an emergency basis and specify the sum of money, the medical care, x-rays and medication which Plaintiff allegedly be required to expend and utilize.
REASON
The instant paragraph is unduly vague. See P.B. Section 10-35(1). Paragraph 24 does not specify when and why Plaintiff was hospitalized, nor does it specify the sum of money, the medical care, x-rays and medication which Plaintiff will allegedly be required to expend and utilize, and Defendants cannot plead to this allegation until Plaintiff does so.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
15. Second Count, Paragraph 25
As a further result, Plaintiff also suffered emotional distress resulting in headaches, loss of sleep, anxiety, CT Page 9880 depression and loss of self esteem.
FIRST REQUESTED REVISION
That Plaintiff specify what constituted the alleged "emotional distress" which is alleged to have resulted in headaches, loss of sleep, anxiety, depression, and loss of self esteem, and specify facts demonstrative of the injuries alleged.
REASON
The instant paragraph is unduly vague. Paragraph 25 does not specify what constituted the alleged "emotional distress, nor does it specify the facts demonstrative of the headaches, depression, loss of sleep, anxiety, and loss of self-esteem which is alleged to have been caused thereby, and Defendants cannot plead to this allegation unless Plaintiff does so.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
16. Second Count, Paragraph 26
As a result, Plaintiff has been unable to find suitable employment in the golf industry.
FIRST REQUESTED REVISION
That Plaintiff specify the facts which demonstrate the alleged inability, specify with more particularity "suitable employment."
REASON
The instant allegation is unduly vague. See P.B. § 10-35(1). Paragraph 26 alleges, in a conclusory manner that Plaintiff is "unable" to find "suitable employment." Defendants cannot plead to this allegation unless Plaintiff specifies the words, actions and deeds which allegedly demonstrate his alleged inability to find employment, and Plaintiff specifies with more particularity "suitable employment." CT Page 9881
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
 THIRD COUNT
17. Third Count, Paragraph 20
The reasons set forth by Defendant, Mark Fuller in Plaintiff's termination letter were false, fraudulent and maliciously intended to harm Plaintiff's reputation.
FIRST REQUESTED REVISION
Deleting this paragraph.
REASON
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
18. Third Count, Paragraph 21
As a result of the conduct and action of Defendant, The Golf Club, it's (sic) agents, servants and/or employees and Defendant Mark Fuller, Plaintiff sustained a chronic and permanent gastric intestinal disorder with internal bleeding and severe pain.
FIRST REQUESTED REVISION
That Plaintiff specify the conduct and action of the Defendant, its agents, servants and/or employees which allegedly resulted in the injuries alleged, and identify the agents, servants and/or employees of Defendant who are alleged to have perpetrated the conduct and action which allegedly caused the CT Page 9882 alleged injuries.
REASON
The instant paragraph is unduly vague Paragraph 21 does not specify the conduct and actions of Defendant. its agents, servants and/or employees which allegedly resulted in the injuries alleged, nor does it identify the agents, servants and/or employees of Defendant who are alleged to have perpetrated the conduct and action which allegedly caused the alleged injuries, and Defendants cannot plead to this allegation until Plaintiff does so.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
19. Third Count, Paragraph 22
As a further result, Plaintiff was hospitalized on an emergency basis and was required and in the future, will be required to expend a sum of money for medical care, X-rays and medication.
FIRST REQUESTED REVISION
That Plaintiff specify the date and reason he was allegedly hospitalized on an emergency basis, and specify the facts which demonstrate that he will allegedly be required to expend a sum of money for medical care, x-rays and medication, and specify the sum of money.
REASON
The instant paragraph is unduly vague. See P.B. Sec. 10-35(1). Paragraph 22 does not specify the date or reason Plaintiff was allegedly hospitalized on an emergency basis, nor does it specify the facts which demonstrate that Plaintiff will allegedly be required to expend a sum of money for medical care, x-rays, and medication, nor does it specify the sum of money, and Defendants cannot plead to this allegation unless Plaintiff does so. CT Page 9883
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
20. Third Count, Paragraph 23
Plaintiff also suffered emotional distress resulting in headaches, loss of sleep, anxiety, depression and loss of self esteem.
FIRST REQUESTED REVISION
That Plaintiff specify the emotional distress that is alleged to have resulted in the injuries alleged, and specifies the facts which demonstrate the injuries alleged.
REASON
The instant paragraph is unduly vague. See P.B. Sec. 10-35(1). Paragraph 21 does not specify the emotional distress that allegedly resulted in the injuries alleged, nor does he specify facts which demonstrate these injuries, and Defendants cannot plead to this allegation unless Plaintiff does so.
OBJECTION On December 4, 1998 , the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
21. Third Count, Paragraph 24
As a result, Plaintiff has been unable to find suitable employment in the golf industry, from which he is effectively barred, to his economic loss.
FIRST REQUESTED REVISION
That Plaintiff specify the facts which demonstrate that he is allegedly "effectively barred" from the golf industry, specify the facts which demonstrate his alleged economic loss resulting CT Page 9884 therefrom, and specify the facts that demonstrate Plaintiff's alleged inability to find suitable employment, and specify the facts that demonstrate "suitable employment."
REASON
This allegation is unduly vague. See P.B. Sec. 10-35(1). Plaintiff alleges in a conclusory fashion that he has been unable to find suitable employment and "effectively barred" from the golf industry, to his "economic loss." Defendants cannot plead to this allegation unless the Plaintiff specifies facts which demonstrate that he has been unable to find "suitable employment" and "effectively barred" from the golf industry and that he has suffered "economic loss" therefrom.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
CFOURTH COUNT
22. Fourth Count, Paragraph 4a
In March of 1993, discriminatory conduct towards a female co-worker, Cynthia Giancaspro; by other employees of Defendant, consisting of inappropriate and insulting statements of a sexual nature. Plaintiff stated to Defendant Mark Fuller that the conduct towards Cynthia Giancaspro was "unfair and disruptive". Defendant Mark Fuller's response to Plaintiff's report was "This is really no place for a young girl to be with all of these men".
FIRST REQUESTED REVISION
That Plaintiff identify the employees of Defendant who are alleged to have engaged in the alleged discriminatory conduct.
REASON
This paragraph is unduly vague. Plaintiff does not identify the employees of Defendant who engaged in the alleged discriminatory conduct. CT Page 9885
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to issues of retaliation and is an allegation of fact and a proper pleading.
23. Fourth Count, Paragraph 4c
Plaintiff reported to Defendant Golf Club's management, the unfairness of a discriminatory practice against a female co-employee of the Plaintiff, Debbie Wallenta, who was required to pay for her husband's coverage for medical insurance and was, upon Plaintiff's information and belief, the only employee who was receiving medical insurance who was required to personally contribute to her spouse's insurance coverage.
FIRST REQUESTED REVISION
That Plaintiff specify the words, actions and conduct which was used when he allegedly "reported" to Defendant's management, identify to whom he reported, and specify the discriminatory practice alleged.
REASON
The instant paragraph is unduly vague. See P.B. Sec. 10-35(1). This paragraph does not specify the words, actions and conduct which was used when Plaintiff allegedly "reported" to Defendant's management, fails to identify the management to whom Plaintiff reported and fails to specify the discriminatory practice, without which Defendants are unable to plead to the allegation.
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to issues of retaliation and is an allegation of fact and a proper pleading.
24. Fourth Count, Paragraph 4d
Plaintiff reported to Defendant's management a discriminatory practice against a female co-employee of the Plaintiff, Debbie Mihalko, who received a decrease in her hourly wage from $10.00 to $8.00.
FIRST REQUESTED REVISION
That Plaintiff specify the words, actions and conduct which was used when he allegedly reported to Defendant's management, CT Page 9886 identify to whom he reported and specify the discriminatory practice alleged.
REASON
The instant paragraph is unduly vague. See P B. Sec. 10-35(1). This paragraph does not specify to whom the alleged conduct was reported, nor does it specify the alleged discriminatory practice, without which Defendants cannot plead to this allegation.
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to issues of retaliation and is an allegation of fact and a proper pleading.
25. Fourth Count, Paragraph 5
In November of 1994, Plaintiff was summoned to attend jury duty in the Superior Court for the Judicial District of Fairfield County and Defendant Mark Fuller, attempted to coerce Plaintiff to avoid jury duty by suggesting that Plaintiff tell the Court officials that Plaintiff is a prejudiced person and likely to find a criminal defendant guilty. Defendant Mark Fuller criticized Plaintiff for his insistence in complying with Connecticut General Statutes Section 51-232.
FIRST REQUESTED REVISION
That Plaintiff specify the words, actions and conduct that constituted the criticism of Plaintiff.
REASON
The instant paragraph is unduly vague. See P.B. Sec. 10-35(1). This paragraph does not specify the words, actions or conduct which constituted the criticism, without which Defendants cannot plead to this allegation.
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to issues of retaliation and is an allegation of fact and a proper pleading.
26. Fourth Count, Paragraph 6
In an effort to further harass Plaintiff for attending jury duty, Defendant Mark Fuller refused to pay Plaintiff for the time CT Page 9887 lost from his employment in a timely manner and required detailed written proof of Plaintiff's attendance even though Fuller, in fact, knew that Plaintiff had attended jury duty.
FIRST REQUESTED REVISION
That Plaintiff specify what number of days constituted failure to pay in a timely manner, and what detailed written proof was required.
REASON
The instant paragraph is unduly vague. See P.B. Sec. 10-35(1). This paragraph does not specify the untimeliness of payment and does not specify what is meant by "detailed written proof," without which Defendants cannot plead to this allegation.
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to issues of retaliation and is an allegation of fact and a proper pleading.
27. Fourth Count, Paragraph 7
Defendant Mark Fuller's termination of Plaintiff's employment was in retaliation for Plaintiff's opposition to Defendant Golf Club and Defendant Mark Fuller's discriminatory employment practices in violation of Section 46a-60 of the Connecticut General Statutes.
FIRST REQUESTED REVISION
Deleting this paragraph.
REASON
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
CT Page 9888
28. Fourth Count, Paragraph 8
Defendant Mark Fuller terminated Plaintiff's employment in retaliation for Plaintiff's efforts to serve as a juror under Section 51-232 of the Connecticut General Statutes.
FIRST REQUESTED REVISION
Deleting this paragraph.
REASON
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
29. Fourth Count, Paragraph 9
As a result of the conduct and action of Defendant, The Golf Club, it's (sic) agents, servants and/or employees and Defendant Mark Fuller, Plaintiff sustained a gastric intestinal disorder with internal bleeding and severe pain.
FIRST REQUESTED REVISION
That Plaintiff specify the conduct and action which is alleged to have resulted in the injuries alleged, and identify the agents, servants and/or employees who are alleged to have perpetrated the conduct and action.
REASON
The instant paragraph is unduly vague. See P.B. Sec. 10-35(1). This paragraph does not specify the conduct that allegedly resulted in the injuries alleged to have occurred, nor does it identify the agents, servants and/or employees alleged to have perpetrated the conduct and action, without which Defendant cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's CT Page 9889
 objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
30. Fourth Count, Paragraph 10
As a further result, Plaintiff was hospitalized on an emergency basis and was required to expend a sum of money for medical care, X-rays and medication.
FIRST REQUESTED REVISION
That Plaintiff specify the actions, words or conduct which resulted in the alleged hospitalization, specify when and why Plaintiff was hospitalized, and specify the facts which establish the sum of money, medical care, x-rays and medication allegedly required, and specify the sum of money.
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). This paragraph does not specify the actions, words or conduct which resulted in the alleged hospitalization, specify when and why Plaintiff was hospitalized, specify the sum of money, and specify the facts which establish the sum of money, medical care, x-rays and medication allegedly required.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
31. Fourth Count, Paragraph 11
Plaintiff also suffered emotional distress resulting in headaches, loss of sleep, anxiety, depression and loss of self esteem.
FIRST REQUESTED REVISION
That Plaintiff specify the "emotional distress" he is alleged CT Page 9890 to have suffered, and specify the facts which establish the alleged headaches, loss of sleep, anxiety, depression, and loss of self-esteem.
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). This paragraph does not specify the "emotional distress" he is alleged to have suffered, nor does it specify the facts which establish the alleged headaches, loss of sleep, anxiety, depression, and loss of self esteem, without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
32. Fourth Count, Paragraph 12
As a result, Plaintiff has been unable to find suitable employment in the golf industry, to his economic loss.
FIRST REQUESTED REVISION
That the Plaintiff specify his alleged inability to find employment in his field by the words, actions and deeds which demonstrate this alleged inability, specify with more particularity "suitable employment", and specify the facts which demonstrate his alleged "substantial economic loss."
REASON
The instant allegation is unduly vague. See Conn. P.B. Sec.10-35(1). paragraph 12 alleges, in a conclusory manner, that Plaintiff is unable to find suitable employment and has sustained substantial economic loss. Defendants cannot plead to this allegation unless Plaintiff specifies the words, actions and deeds which demonstrate his alleged "inability", specifies with more particularity "suitable employment" in his field, and the facts which demonstrate his alleged "substantial economic loss."
OBJECTION On December 4, 1995, the Court sustained Plaintiff's CT Page 9891
 objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
33. Fourth Count, Paragraph 13
Defendant Mark Fuller's actions towards Plaintiff were unreasonable and intentional and Defendant Mark Fuller knew or should have known said actions were substantially certain to result in illness and economic loss to Plaintiff.
FIRST REQUESTED REVISION
That Plaintiff specify the actions which are alleged to have been unreasonable and intentional, and to specify the facts which establish the alleged "illness" and "economic loss."
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the actions which are alleged to have been unreasonable and intentional, nor does it specify the facts which establish the alleged "illness" and "economic loss" without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
34. Fourth Count, Paragraph 14
The actions towards Plaintiff by Defendant Golf Course and Defendant Mark Fuller were in violation of the expressed and implied covenant of good faith between Plaintiff and Defendants.
FIRST REQUESTED REVISION
Deleting this paragraph.
REASON
CT Page 9892
This paragraph constitutes an improper pleading of a legal conclusion.
OBJECTION
 On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
 FIFTH COUNT
35. Fifth Count, Paragraph 6a
From May, 1993 to August, 1993 the Toro Greenmaster 1000 was improperly intrusted by Defendant Mark Fuller and Defendant Golf Club's then Superintendent Michael Miner, to unqualified personnel of the Defendant Golf Club, namely Gary DeVeaux resulting in serious damage to the fairway of Defendant Golf Club and unfair criticism of the Plaintiff;
FIRST REQUESTED REVISION
That Plaintiff specify what facts established that the equipment was "improperly" intrusted and establish "unqualified" and "unfair criticism," and identify the personnel alleged to have been improperly entrusted and who is alleged to have perpetrated the "unfair criticism."
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify what facts established that it was "improperly" intrusted and establish "unqualified" and "unfair criticism," nor identify who is alleged to have perpetrated the "unfair criticism," without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining CT Page 9893 Plaintiff's objection should properly apply to Defendant Mark Fuller.
36. Fifth Count, Paragraph 6d
A series of thefts of personal property of the Defendant Club including two-way radios, weed wackers and push lawn mowers, and of Plaintiff's tools and electronic equipment were not properly reported to authorities or to the Defendant Golf Club's insurance companies.
FIRST REQUESTED REVISION
That Plaintiff specify the facts which establish that the thefts were "not properly reported."
REASON
This paragraph is unduly vague. See P.B. Section 10-35(1). Plaintiff does not specify the facts which establish that thefts were "not properly reported," without which Defendants car, not plead to the allegation.
OBJECTION
37. Fifth Count, Paragraph 6e
Alcohol and drug use was present and known to Defendant Golf Club's supervisory employees, Michael Miner and Defendant Mark Fuller and Michael Miner, and the persons involved in alcohol and drug use, Jack Eck and Gus Balling, were allowed to operate heavy equipment, exposing Plaintiff thereby to potential blame and liability.
FIRST REQUESTED REVISION
That Defendant specify the potential blame and liability to which he was allegedly exposed and the time period in which these actions occurred.
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the potential blame or liability to which he was exposed, or the period of time involved, without CT Page 9894 which Defendants cannot plead to this allegation.
OBJECTION
38. Fifth Count, Paragraph 6f(1)
In March of 1993, a female co-worker, Cynthia Giancaspro, complained of inappropriate and insulting statements of a sexual nature made towards her by male employees of the Defendant. Defendant, Mark Fuller's response to Plaintiff's report was "This is really no place for a young girl to be with all of these men".
FIRST REQUESTED REVISION
That Plaintiff identify the employees referred to, and specify the discriminatory practices alleged.
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not identify the employees referred to, nor specify the discriminatory practices alleged, without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
39. Fifth Count, Paragraph 6f(2)
In November of 1994 Plaintiff, when summoned to attend jury duty, was discouraged and coerced to avoid serving by Defendant, Mark Fuller and was thereafter criticized and harassed for serving on jury duty.
FIRST REQUESTED REVISION
That Plaintiff specify the words and acts which establish that he was allegedly discouraged and coerced, criticized and harassed.
REASON
CT Page 9895
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the words and acts that establish that he was discouraged, coerced, criticized or harassed, without which Defendants cannot plead to this allegation.
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to issues of retaliation and is an allegation of fact and a proper pleading.
40. Fifth Count, Paragraph 6f(3)
In December of 1994, an African-American employee, Milton Johnson, received a decrease in his hourly wage from $10.00 per hour to $8.50 per hour.
FIRST REQUESTED REVISION
Specify the discriminatory practices alleged.
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the discriminatory practices alleged, without which Defendants cannot plead to this allegation.
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to an issue of retaliation and is an allegation of fact and a proper pleading.
41. Fifth Count, Paragraph 6f(5)
A female co-employee of the Plaintiff, Debbie Mihalko, received a decrease in her hourly wage from $10.00 to $8.00.
FIRST REQUESTED REVISION
Specify the discriminatory practice alleged.
REASON
This paragraph is unduly vague. It does not specify the discriminatory practice alleged, without which Defendants cannot plead to this allegation. CT Page 9896
OBJECTION This paragraph is an allegation that Plaintiff's termination was due to an issue of retaliation and is an allegation of fact and a proper pleading.
42. Fifth Count, Paragraph 7
On numerous occasions employees of Defendant who were normally under Plaintiff's supervision engaged in pranks or practical jokes directed at Plaintiff and disrupted the performance of Plaintiff's duties.
FIRST REQUESTED REVISION
That Plaintiff identify the employees involved, describe the practical jokes and pranks, and the dates thereof and the facts establishing that same were directed at Plaintiff and disrupted Plaintiff's performance of his duties.
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the employees involved or describe or provide the dates of pranks or practical jokes or the facts establishing that they were directed at Plaintiff and disrupted his performance of his duties, without which Defendants cannot plead to this allegation.
OBJECTION Allegations of actions disrupting the performance of Plaintiff's duties are set forth throughout the Third Party Complaint and to repeat them would be redundant. The allegations are evidentiary in nature and are the proper subject of Defendants' discovery.
43. Fifth Count, Paragraph 8
Following other improper conduct of Gary DeVeaux, Gus Balling and Jack Eck, employees of Defendant, and complaints reported by Plaintiff to Fuller, Fuller declared in Plaintiff's presence that these employees were fired, only to later change his mind and revoke the firings.
FIRST REQUESTED REVISION
That Plaintiff specify what acts constituted "other improper conduct." CT Page 9897
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify what conduct was alleged to be "improper," without which Defendants cannot plead to this allegation.
OBJECTION Allegations of acts of all improper conduct are set forth throughout the Third Party Complaint and to repeat them would be redundant. The allegations are evidentiary in nature and are the proper subject of defendants' discovery.
44. Fifth Count, Paragraph 9
In fact, Fuller's inducements to report problems to him were fraudulent as Fuller never intended to take action against these employees.
FIRST REQUESTED REVISION
Delete this paragraph.
REASON
This paragraph contains an improper pleading of a legal conclusion.
OBJECTION Allegations of fraudulent intentions are evidentiary and the proper subject of Defendants' discovery.
45. Fifth Count, Paragraph 10
As a result of the foregoing and the lack of proper management, supervision and control by the Defendant's Board of Governors, in failing to provide direction to the Defendant's General Manager, Mark Fuller, and other employees whose actions were disruptive and improper, an insecure, unstable and hostile atmosphere was created against Plaintiff.
FIRST REQUESTED REVISION
That Plaintiff specify the facts which establish the alleged "lack of proper management supervision and control," what constituted an "insecure, unstable and hostile atmosphere," which CT Page 9898 other employees acted disruptively and improperly, and what constituted "disruptive and improper" actions.
REASON
This allegation is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the facts which establish the alleged "lack of proper management" and "insecure, unstable and hostile atmosphere" which employees participated in disruptive and improper actions, and what actions were "disruptive and improper,".
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
46. Fifth Count, Paragraph 12
As a result of the foregoing and the lack of proper management and control by the Defendant's Board of Governors, Plaintiff sustained a chronic and permanent gastric intestinal disorder with internal bleeding and severe pain.
FIRST REQUESTED REVISION
That Plaintiff specify the facts which establish the alleged "lack of proper management and control."
REASON
This allegation is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the facts which establish the alleged "lack of proper management and control," without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
CT Page 9899
47. Fifth Count, Paragraph 13
Further, Plaintiff also suffered emotional distress resulting in headaches, loss of sleep, anxiety, depression and loss of self esteem.
FIRST REQUESTED REVISION
That Plaintiff specify the facts which establish the emotional distress, headaches, loss of sleep, anxiety, depression and loss of self esteem alleged. REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the facts which establish the emotional distress, headaches, loss of sleep, anxiety, depression and loss of self esteem, without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
48. Fifth Count, Paragraph 14
Further, Plaintiff was hospitalized on an emergency basis and was required and, in the future, will be required to expend a sum of money for medical care, X-rays and medication.
FIRST REQUESTED REVISION
That Plaintiff specify the sum of money, medical care, x-rays and medication he has required and will require, and when and why he was hospitalized on an emergency basis.
REASON
This paragraph is unduly vague. See P.B. Section 10-35(1). Plaintiff does not specify the facts which establish the sums of money, medical care, X-rays and medication he has required or will require, or when and why he was hospitalized on an emergency basis, without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's CT Page 9900
 objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
49. Fifth Count, Paragraph 15
As a further result, Plaintiff has been unable to find suitable employment in the golf industry, to his economic loss
FIRST REQUESTED REVISION
That the Plaintiff specify his alleged inability to find employment in his field by the words, actions and deeds which demonstrate this alleged inability, specify with more particularity "suitable employment", and specify the facts which demonstrate his alleged "substantial economic loss."
REASON
The instant allegation is unduly vague. See Conn. P.B. Sec. 10-35(1). Paragraph 15 alleges in a conclusory manner, that Plaintiff is unable to find suitable employment and has sustained substantial economic loss. Defendants cannot plead to this allegation unless Plaintiff specifies the words, actions and deeds which demonstrate his alleged "inability", specifies with more particularity "suitable employment" in his field, and the facts which demonstrate his alleged "substantial economic loss."
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
50. Fifth Count, Paragraph
Injuries and consequential losses sustained by Plaintiff were due to the negligence of Defendant, The Golf Club's, Board of Governors in failing to control the conduct of it's (sic) employees, in tolerating and failing to correct the improper conduct of Defendant, Mark Fuller, and other of Defendant Golf Club's employees and, in permitting the false and improper firing of Plaintiff, when members of Defendant Golf Club's Board of CT Page 9901 Governors knew or should have known that said actions would result in illness and economic loss to Plaintiff.
FIRST REQUESTED REVISION
That Plaintiff specify the injuries and consequential losses allegedly sustained, and specify the facts which establish the "improper" conduct of Mark Fuller, and identify the other employees and Board members referred to and specify the facts which establish that Plaintiff's firing was "false and improper."
REASON
This paragraph is unduly vague. See P.B. Sec. 10-35(1). Plaintiff does not specify the injuries and consequential losses allegedly sustained, nor specify the facts which establish the "improper" conduct of Mark Fuller, nor identify the other employees and Board members referred to nor specify the facts that establish that Plaintiff's firing was "false and improper," without which Defendants cannot plead to this allegation.
OBJECTION On December 4, 1995, the Court sustained Plaintiff's objection to Defendant Golf Club's Request to Revise the same allegation as is set forth in this paragraph against Defendant, Mark Fuller. The Court's ruling sustaining Plaintiff's objection should properly apply to Defendant Mark Fuller.
Done at Bridgeport, Connecticut, this 2nd day of July, 1998
STACEY M. DAVES-OHLIN DURANT, NICHOLS, HOUSTON, MITCHELL SHEAHAN, P.C. 1057 Broad Street Bridgeport, CT 06604 (203)366-3438 Juris No. 105065
ATTORNEYS FOR DEFENDANTS THE CONNECTICUT GOLF CLUB, INC. and MARK FULLER